UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TOMASZ POSLEDNIK,

                      Plaintiff,

          -against-

THE CITY OF NEW YORK, ANTHONY
WRIGHT, and JANE DOE,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**10  2229**

DEARIE, CH. J.

BLOOM, M.J.

**COMPLAINT**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 14 2010 ★

BROOKLYN OFFICE

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

      Plaintiff, Tomasz Poslednik, by his attorneys, Reibman & Weiner, as and for his

Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

      1.    At all times hereinafter mentioned plaintiff, an adult male, was a resident

of Queens County, within the City and State of New York.

      2.    At all relevant times hereinafter mentioned, defendant City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD") and its

employees.

      3.    At all times hereinafter mentioned, defendant Anthony Wright was a

member of the NYPD, assigned tax registry number 935991, and was employed, trained, and

supervised by New York City.  Wright is sued herein in both his individual and official

capacities.

      4.    At all times hereinafter mentioned, defendant Jane Doe was a member of

the NYPD whose identity is presently unknown, and who was employed, trained, and supervised by New York City. Doe is sued herein in both her individual and official capacities.

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. §§ 1981 and 1983.

6.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the majority of the events complained of occurred, and where plaintiff and defendant City of New York reside.

7.     That plaintiff timely served a Notice of Claim on the municipal defendant.

8.     At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9.     That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

10.     At or around 6:00 p.m. on June 29, 2009, shortly after plaintiff had returned home from work, the two defendants came to plaintiff's residence and knocked on his door. Plaintiff's wife, who had just returned from the store, and two minor children were also home.

11.     Plaintiff had not engaged in any criminal conduct, nor was there any reasonable basis for the defendants to have believed plaintiff had engaged in criminal conduct.

12.     When plaintiff answered the door, the defendants asked whether anybody had just run into the premises. Plaintiff truthfully responded in the negative and then began to close the door.

13.     Defendant Wright stuck his leg in the door, forced the door open, then entered the apartment and violently grabbed and handcuffed Mr. Poslednik.

14.     In full view of plaintiff's family, Wright twisted the unresisting plaintiff's arm higher while demanding his identification.  Wright then dragged the handcuffed plaintiff onto his stoop.

15.     While on the stoop, defendant Doe remarked, in sum and substance, "that's not him," to which Wright responded, "I know."  The defendants left Mr. Poslednik handcuffed while they went to their patrol car to check on his identification.

16.     Plaintiff then telephoned 911, and was then transferred to the NYPD's Internal Affairs Bureau, to whom he then complained about the above events.  Shortly thereafter, another police vehicle arrived, carrying an apparently more senior officer and his driver.  These two officers conferred with the defendants.

17.     Eventually, Wright issued plaintiff a criminal summons for disorderly conduct under New York Penal Law 240.20(3) under summons number 4400289680, in which Wright alleged, "Deft did refuse identification and did become irate yelling in public view at officer causing public alarm and annoyance."

18.     The criminal summonses was subsequently dismissed after plaintiff appeared in Queens Criminal Court.

19.     As a result of Wright's use of excessive force, plaintiff suffered injuries to his left thumb, including the loss of sensation.

20.     The factual allegations contained in the criminal summons were false and Wright knew them to be false at the time he made them.

3

21.    At no time were defendants invited or given consent to enter plaintiff's residence, nor was there any exigency that would justify their entry, nor was it reasonable for defendants to believe that they had been invited, given consent or that exigent circumstances existed to justify said entry.

22.    At no time did defendants have legal cause to detain, search, arrest, or commence criminal process against plaintiff, nor was there any basis for the defendants to reasonably believe that such cause existed.

23.    Even if there was probable cause to detain or arrest plaintiff, at no time did any of the defendants have sufficient cause to employ any level of force whatsoever, much less the force actually employed, nor was there any basis for the defendants to reasonably believe that such cause existed.

24.    At no time ever did defendant Doe, who was well aware of Wright's unlawful conduct, take any steps to prevent or limit Wright's unlawful entry into plaintiff's residence, arrest of plaintiff, and use of force against plaintiff.

25.    At all times relevant herein, defendants were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

26.    Plaintiff repeats the allegations contained in paragraphs "1" through "24" above as though stated fully herein.

27.    Defendants willfully and intentionally seized, arrested and detained plaintiff without sufficient cause, and without a reasonable basis to believe such cause existed.

4

28.     Defendants willfully and intentionally subjected plaintiff to excessive force by employing more than what was reasonably necessary under the circumstances, and without a reasonable basis to believe that the use of such force was necessary.

29.     Defendants willfully and intentionally deprived plaintiff of due process by making false allegations in order to subject plaintiff to criminal process.

30.     By so doing, defendants subjected the plaintiff to false arrest, excessive force, and the deprivation of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution

31.     By reason thereof, defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

### SECOND CAUSE OF ACTION

32.     Plaintiff repeats the allegations contained in paragraphs "1" through "31" above as though stated fully herein.

33.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD in order to ensure that the well established rights of the citizenry were understood and respected.

34.     Upon information and belief, defendant knew that there was inadequate supervision within the NYPD on and prior to the date of plaintiff's arrest, and that NYPD guidelines, as promulgated in the Patrol Guide, and elsewhere, were routinely ignored and violated by NYPD members.  Despite their prior notice of inadequate supervision, defendant

5

took no steps to ensure that reasonable and appropriate levels of supervision were in place in order to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search, use force against, and arrest members of the public, including and specifically, the plaintiff herein.

35.     Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

36.     By reason thereof, defendant has violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## THIRD CAUSE OF ACTION

37.     Plaintiff repeats the allegations contained in paragraphs "1" through "36" above as though stated fully herein.

38.     Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, detained, subjected to force, imprisoned, and deprived of his right to due process by the defendants.

39.     At no time did defendants have any colorable legal basis for seizing, searching, arresting, imprisoning, subjecting to force, and/or commencing criminal process against plaintiff, and said conduct was unlawful.

40.     The defendants, including the municipal defendant by whom the individual defendants were employed at all relevant times herein, are therefore liable to plaintiff

6

for assault and battery, excessive force, false arrest, malicious use and abuse of process and deprivation of due process.

41.     By reason thereof, the defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## FOURTH CAUSE OF ACTION

42.     Plaintiff repeats the allegations contained in paragraphs "1" through "41" above as though stated fully herein.

43.     The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary permissible police and law enforcement conduct with respect to any interaction with plaintiff.

44.     The police and law enforcement conduct engaged in and rendered to plaintiff by the individual defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and accepted police and law enforcement practices and in violation of NYPD policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

45.     As a result of the carelessness and negligence and violation of NYPD procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiff was caused to sustain severe and irreparable personal injury and damage.

46.     By reason thereof, the defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful

7

incarceration.

## FIFTH CAUSE OF ACTION

47.     Plaintiff repeats the allegations contained in paragraphs "1" through "46" above as though stated fully herein.

48.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD.

49.     Upon information and belief, defendant knew that there was inadequate supervision within the NYPD on and prior to plaintiff's arrest, and that NYPD guidelines, as promulgated in the Patrol Guide, and elsewhere, were routinely ignored and violated by NYPD members.  Despite their prior notice of inadequate supervision, defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place in order to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search, use force against, and arrest members of the public, including and specifically, the plaintiff herein.

50.     By reason thereof, defendants are liable to plaintiff for their negligent supervision and retention of NYPD employees and agents, and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

8

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against Defendants jointly and severally as follows:

i.      on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii.     on the second cause of action actual damages in an amount to be determined at trial;

iii.    on the third cause of action actual damages in an amount to be determined at trial;

iv.     on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

v.      on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

vi.     statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

vii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
        May 10, 2010

                                REIBMAN & WEINER

                        By:  _____
                              Michael B. Lumer (ML-1947)
                              Attorneys for Plaintiff
                              26 Court Street, Suite 1005
                              Brooklyn, New York 11242
                              (718) 522-1743