UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TOMASZ POSLEDNIK,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, ANTHONY WRIGHT,
and JANE DOE,

                              Defendants.

------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10-CV-2229 (BAF)(LB)

       **WHEREAS**, plaintiff Tomasz Poslednik commenced this action by filing a complaint on or about May 14, 2010, alleging that defendants City of New York and Anthony Wright violated plaintiff's federal civil and state common law rights; and

       **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

       1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees, except as provided for herein.

       2.    The City of New York hereby agrees to pay plaintiff Twenty Five Thousand ($25,000) Dollars, as well as his legal fees, costs and expenses, through July 27, 2012, which will be resolved at a later date either informally by the parties or by virtue of motion

practice before the Court. In consideration for the payment of these monies, plaintiff agrees to the dismissal of all claims against the defendants and to release the defendants, the City of New York and Anthony Wright, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, excluding claims for costs, expenses, and attorneys' fees in this action.

        3.      Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

        4.      Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

        5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. ~~Plaintiff agrees to hold harmless the defendants regarding any liens or past~~ and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. The Court shall retain jurisdiction over this action to enforce the terms of this Stipulation and to adjudicate a motion to resolve the amount of costs, expenses, and/or attorneys' fees to be paid in the event that the parties do not otherwise reach a resolution of this aspect of the settlement.

8. ~~This Stipulation and Order contains all the terms and conditions agreed~~ upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       2/6, 2012

REIBMAN & WEINER
*Attorneys for plaintiff*
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1734

By: _____
     MICHAEL B. LUMER
     *Attorney for plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York
and Anthony Wright*
100 Church Street
New York, New York 10007
(212) 788-1652

By: _____
     MATTHEW J. MODAFFERI
     *Assistant Corporation Counsel*

SO ORDERED:
s/ BAF

_____
HON. BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

4